UNITED STATES DISTRICT
COURT SOUTHERN DISTRICT
OF FLORIDA

Case No. 1:20cv24081

CAROL CULLUM,

        Plaintiff,

vs.

CARNIVAL CORPORATION,

        Defendant.

_____/

## COMPLAINT

COMES NOW, Plaintiff, CAROL CULLUM, sues Defendant, CARNIVAL CORPORATION, and alleges:

1. This is a negligence action in which the Plaintiff alleges that the Defendant's negligence caused her to slip and fall and sustain serious personal injury. This case falls within the Court's diversity-of-citizenship jurisdiction.

2. The Plaintiff is a citizen of Arkansas.

3. The Defendant is a corporation incorporated under the laws of the Republic of Panama. The Defendant's principal place of business is in Florida.

4. The amount in controversy, without interest and costs, exceeds $75,000.

5. The passenger ticket the Defendant sold the Plaintiff contains a forum-selection clause that says that actions such as this may be filed only in Miami, in the United States District Court for the Southern District of Florida.

6. The Plaintiff has performed all conditions precedent to be performed by the Plaintiff, or the conditions have occurred.

7. On or about October 28, 2019, the Plaintiff was a fare-paying passenger aboard *Carnival Dream,* a cruise ship owned and operated by the Defendant.

8. At that time and place, the Defendant owed the Plaintiff a duty of reasonable care under the circumstances.

9. At that time and place, on Deck 5, the Defendant breached its duty of care in one or more of the following ways, causing the Plaintiff to sustained serious personal injury when she slipped and fell in water or some other substance:

    a. That Defendant caused water or some other slippery substance to be on a section of the deck on which the passengers walk;

    b. The Defendant let water or some other slippery substance sit and pool on a surface that the Defendant knew or should have known is frequently traversed by passengers, when the Defendant could have easily squeegeed/mopped the deck or taken other simple steps to remove the water and/or slippery substance;

    c. The Defendant failed to dry the walking surface;

    d. The Defendant failed to adequately inspect the deck for the water and/or slippery substance to ensure the safety of its passengers, including, but not limited to, the Plaintiff;

    e. The Defendant failed to properly maintain a section of the floor to ensure that the water and/or slippery substance was properly removed from the deck;

    f. The Defendant failed to properly maintain a section of the floor to ensure that water would flow into a drain and not pool;

    g. The Defendant failed to take adequate steps to ensure that water would drain off the deck and out of the main walking area for passengers and into a drain pipe, rather than stand and pool;

    h. Defendant failed to warn passengers about the presence of a slipping hazard or failed to put in place a system under which crew members would frequently inspect that area and mop up water or other liquids that pooled

       in that area;

i. Knowing that water or other liquids would likely remain or pool upon the deck, the Defendant failed to take adequate steps to ensure that the deck's surface in that area was slip resistant;

j. The Defendant failed to assign enough crew members to monitor the area and make it safe;

k. The Defendant failed to put in place a system under which crew members would frequently inspect that area and mop up water or other liquids that pooled in that area;

l. The Defendant knew about this hazardous condition or the condition had existed for a sufficient length of time that the Defendant should have known about it, or the condition occurred with regularity and was therefore foreseeable;

m. The Defendant failed to staff its ship with personnel who were able to give the Plaintiff adequate medical care, and the Defendant failed to give the Plaintiff adequate medical care; and

n. The Defendant breached its duty in other ways to be determined during discovery.

10. The Defendant caused the hazards described in paragraphs 9(a) through 9(n), above, or those hazards were known to the Defendant, or had existed for sufficient length of time that the Defendant should have known about them, or the hazards occurred with regularity and were thus foreseeable.

11. As a result of the Defendant's negligence, the Plaintiff suffered bodily injury and resulting pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and the Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff demands judgment for more than $75,000 in damages

against the Defendant, and costs, and the Plaintiff demands a jury trial.

Dated this 6th day of October, 2020.

                                          Respectfully Submitted,

                                          **STEINLAW, P.A.**
*Attorneys for Plaintiff*
17971 Biscayne Boulevard
Suite 216
Aventura, FL 33160
Tel: (786) 230-3819
Fax: (305) 627-3302
bstein@steinlaw.com

By: /s/ Brandon E. Stein
**BRANDON E. STEIN, ESQ.**
Florida Bar No.: 88302